### RYAN v. HAWK & WETHERBEE.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—EVIDENCE.

In an action by a servant to recover for personal injuries, evidence *held* insufficient to show any defects in the machinery which an inspection would have disclosed, and insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972; Dec. Dig. § 278.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Patrick Ryan against Hawk & Wetherbee for personal injuries. Judgment for plaintiff, and defendants appeal. Reversed, and a new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

James J. Mahoney, for appellants.
Charles E. Kelley, for respondent.

WOODWARD, J. The plaintiff lost two of his fingers while cutting ice with a band saw, and he brings this action to recover damages, alleging that the machine was unsafe, and the testimony adduced in his behalf indicated that the accident occurred by reason of the saw leaving the upper wheel of the machine. The alleged defect in the machine is not made to appear by the evidence, except that the plaintiff testified that on the occasion of the defendants' assistant engineer placing a new upper wheel on the machine, supplied with a rubber band, he filed the rubber. It does not appear to what extent this filing was done, or the purpose of it, or that it had anything to do with the accident which happened to the plaintiff a few days later. The most that can be fairly said of the evidence is that in adjusting this new wheel the engineer found it necessary to file the rubber somewhat. There is no evidence that the wheel or the rubber was defective in any particular, except as this inference might be drawn from the fact that it was filed in the work of adjusting a new wheel, and this is so obviously a matter which might properly be intrusted to a competent engineer that it is not necessary to cite authorities.

There is no allegation in the complaint that the machine itself was not a proper machine for the purpose for which it was used. There is no suggestion that there was any defect in the wheel which was supplied by the manufacturer of the machine as a substitute wheel, to be used while the rubber band was being replaced on the original wheel, that an inspection on the part of the master would have disclosed, and the case is absolutely barren of evidence which discloses the neglect of any duty which the defendants owed to the plaintiff. There was an accident, and the plaintiff suffered an injury; but he has not pointed out any duty which the master owed to him which has not been performed. So far as the case discloses, the defendants furnished a machine in common use, properly equipped, and employed the plaintiff to operate it. The machine worked properly on the day previous to the accident, while the plaintiff was away, and it worked "all right," according to the plaintiff's own testimony, from morning until about 2 o'clock in the afternoon, when the accident happened; and aside from the testimony that the engineer, in substituting a new wheel, with a new rubber band, filed the rubber to some extent, there is nothing to suggest that there was anything about the machine which was not perfect, and in the matter of the filing the evidence does not show that it had any relation whatever to any defect which might be supposed to have caused the saw to leave the upper wheel.

To affirm this judgment is to hold the master practically as an insurer.

The judgment and order appealed from should be reversed, and a new trial granted. All concur.